IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| GUIDEONE INSURANCE COMPANY, f/k/a GUIDEONE MUTUAL INSURANCE COMPANY<br><br>    Plaintiff,<br><br>v.<br><br>CLAIBORNE CHURCH OF GOD, INC. d/b/a CLAIBORNE CHRISTIAN SCHOOL; R.J., Individually and on behalf of his minor child, B.H.;<br><br>    Defendants. | CASE NO:<br><br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW, GuideOne Insurance Company f/k/a GuideOne Mutual Insurance Company, by and through its undersigned counsel, and for its Complaint for Declaratory Judgment states:

## NATURE OF THE ACTION

1.      This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. § 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure. GuideOne Insurance Company seeks a determination of the parties' rights and obligations under certain insurance policy issued by GuideOne Insurance Company f/k/a GuideOne Mutual Insurance Company to Claiborne Church of God, Inc., with respect to the underlying lawsuit identified in this Complaint. A dispute exists between the parties regarding the scope and limits of coverage for the underlying lawsuit.

## PARTIES

2.      Plaintiff GuideOne Insurance Company f/k/a GuideOne Mutual Insurance

Company (hereinafter "GuideOne" or "Plaintiff") is an Iowa corporation with its principal place of business in the state of Iowa, and is therefore a citizen of the state of Iowa.

3. Defendant Claiborne Church of God, Inc. d/b/a Claiborne Christian School (hereinafter "Claiborne Christian School") is a Louisiana corporation with its principal place of business in the state of Louisiana and, therefore, is a citizen of the state of Louisiana.

4. Upon information and belief, R.J., the father of minor child B.H., resides in Louisiana and, therefore, is a citizen of the state of Louisiana.

5. Upon information at belief, B.H., a minor child, resides in Louisiana and, therefore, is a citizen of the state of Louisiana.

## JURISDICTION AND VENUE

6. This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure. An actual and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201 regarding the scope and extent of insurance coverage provided under the insurance policy issued by GuideOne, as more particularly described below.

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(l) because the amount in controversy exceeds the sum or value of $75,000.00, and the suit is between citizens of different states.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391 because the substantial part of the events or omissions giving rise to the claim occurred in Ouachita Parish, Louisiana, and the defendants reside within this district.

## UNDERLYING LAWSUIT

9. On April 22, 2020, R.J., individually and on behalf of his minor child, B.H., filed

a Petition for Damages in the Fourth Judicial District Court in the Parish of Ouachita, Louisiana ("Underlying Lawsuit"), naming as Defendants: Claiborne Church of God, Inc. d/b/a Claiborne Christian School; Church Mutual Insurance Company; GuideOne Mutual Insurance Company; M.C.; and E.H.  (A true and correct copy of the Petition for Damages filed in the Underlying Lawsuit is attached hereto as Exhibit A; A true and correct copy of the First Supplemental and/or Amended Petition for Damages filed in the Underlying Lawsuit is attached hereto as Exhibit B).

10. The Underlying Lawsuit alleges, among other things, that B.H. was physically and sexually abused during the period of approximately 2017 to 2018 while living in the household of E.H. (B.H.'s mother) and M.C. (E.H.'s boyfriend), during which time B.H. attended Claiborne Christian School.

11. Upon information and belief, B.H. first began attending Claiborne Christian School on or about January 4, 2017.

12. The Underlying Lawsuit alleges that B.H. made complaints to Claiborne Christian School staff indicating that she had been physically and sexually abused at home while living in the household of E.H. and M.C.

13. The Underlying Lawsuit alleges that Claiborne Christian School staff questioned B.H. about her complaints and documented signs of physical and sexual abuse suffered by B.H., but Claiborne Christian School failed to report the abuse or otherwise take action to prevent further abuse.

14. The Underlying Lawsuit alleges that B.H. continued to suffer further abuse due to the failure of staff of Claiborne Christian School to report the abuse.

15. The Underlying Lawsuit alleges that the preschool director of Claiborne Christian School attempted to destroy evidence of notes and reports created by staff of Claiborne Christian

School that documented of signs of abuse observed by staff of Claiborne Christian School.

16. The Underlying Lawsuit seeks to impose liability on Claiborne Christian School for failing to exercise reasonable care to prevent abuse or neglect of a minor child entrusted to its care and for failing to comply with mandatory reporter laws to report abuse or neglect of B.H.

17. The Underlying Lawsuit alleges Claiborne Christian School is at fault for improper hiring, training, and supervision of its staff; for failing to implement proper policies, procedures, and protocols; and for failing to properly supervise the minor child in its care.

18. The Underlying Lawsuit seeks to hold Claiborne Christian School vicariously liable for the fault of its employees that occurred while in the course and scope of their employment.

19. The Petition and an Amended Petition in the Underlying Lawsuit allege that Claiborne Christian School conspired with E.H. and/or M.C. to conceal the complaints of abuse made by B.H. from R.J. and from legal authorities.

20. The Underlying Lawsuit also asserts a direct action against insurers GuideOne Mutual Insurance Company and Church Mutual Insurance Company.

21. The plaintiffs in the Underlying Lawsuit seek compensatory damages for B.H. and loss of consortium damages for R.J.

## THE GUIDEONE INSURANCE POLICY

22. Relevant to the allegations in the Underlying Lawsuit, GuideOne issued a policy of insurance to Claiborne Church of God, Inc. with a policy period of 01/01/2017 to 01/01/2018 (hereinafter "the GuideOne Policy) (A true and correct copy of the GuideOne Policy is attached hereto as Exhibit C).

23. The GuideOne Policy was replaced by a policy of insurance issued by Church

Mutual Insurance Company that went into effect on April 1, 2017, and the GuideOne Policy was cancelled as of April 1, 2017, at the request of Claiborne Church of God, Inc. (A true and correct copy of correspondence sent by GuideOne memorializing this cancellation is attached hereto as Exhibit D).

## COUNT I
## DECLARATORY JUDGMENT – NO COVERAGE-TRIGGERING EVENT DURING THE GUIDEONE POLICY PERIOD

24. GuideOne hereby incorporates and re-alleges paragraphs 1-23 as if fully set forth herein.

25. Upon information and belief, B.H. first began attending Claiborne Christian School on or about January 4, 2017.

26. The GuideOne Policy was in effect beginning January 1, 2017 and was cancelled and was no longer in effect as of April 1, 2017.

27. The commercial general liability coverage of the GuideOne Policy provides in relevant part:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **Insuring Agreement**
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages". However, we will have no duty to defend the insured against any "suit" seeking "damages" for "bodily injury" or "property damage" to which this insurance does not apply. …
>
> \* \* \*

      **b.** This insurance applies to "bodily injury" and "property damage" only if:

* * *

          **(2)** The "bodily injury" or "property damage" occurs during the policy period; …

(Exhibit C, GuideOne Policy, Form PCG 25 10 04 09, p. 1).

28.     During the policy period of the GuideOne Policy from January 1, 2017 to April 1, 2017, there was no evidence or signs of physical or sexual abuse of B.H. that gave rise to a duty to report of Claiborne Christian School or its employees or otherwise gave rise to duty of Claiborne Christian School or its employees take any action and, therefore, there was no "occurrence" pursuant to the commercial general liability coverage provided by the GuideOne Policy.

29.     The sexual misconduct liability coverage of the GuideOne Policy provides in relevant part:

    **SECTION I – COVERAGES**

    **COVERAGE SL SEXUAL MISCONDUCT LIABILITY**

    **1. INSURING AGREEMENT**

        **a.** We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "injury" arising out of or resulting from a "sexual misconduct occurrence" to which Coverage **SL** applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages".

* * *

        **b.** This Coverage applies to "injury" only if:

* * *

          **(2)** The first act of a "sexual misconduct occurrence" first commences during the policy period.

* * *

    **SECTION V -- DEFINITIONS -- COVERAGES SL AND SP**

        **6.** "Sexual misconduct occurrence" means a single act, or multiple, continuous, repeated, sporadic or related acts of "sexual

>> misconduct or sexual molestation" by one person, or two or more persons acting together, or any breach of duty causing or contributing to such acts, or any defamation or slander arising out of or resulting from any actual or alleged act of "sexual misconduct or sexual molestation".

(Exhibit C, GuideOne Policy, Form GCG 74 10 07 09, pp. 1, 6).

30. During the policy period of the GuideOne Policy from January 1, 2017 to April 1, 2017, there was no evidence or signs of sexual abuse of B.H. and, therefore, there was no "sexual misconduct occurrence" (i.e. "any breach of duty causing or contributing to such acts [of sexual misconduct]") by Claiborne Christian School that first commenced during the policy period. Thus, there was no "sexual misconduct occurrence" pursuant to the sexual misconduct liability coverage provided by the GuideOne Policy.

31. The directors and officers liability and educators legal liability coverage of the GuideOne Policy provides in relevant part:

> **COVERAGE H. DIRECTORS AND OFFICERS LIABILITY AND EDUCATORS LEGAL LIABILITY**
>
> **1. INSURING AGREEMENT**
>
> **a.** We will pay only those sums that the insured becomes legally obligated to pay as "damages" because of "loss" arising out of an "educational services incident" or a "wrongful act" to which this Coverage applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages" even if the allegations of the "suit" are groundless, false or fraudulent.
>
> \* \* \*
>
> **b.** This Coverage applies to "loss" arising out of an "educational services incident" or a "wrongful act" only if:
>
> \* \* \*
>
> **(2)** The "educational services incident" or "wrongful act" first occurs between:
>
> **(a)** The applicable Retroactive Date, if any, shown in the Declarations or the beginning of the policy period, whichever comes first; and

**(b)** The end of the policy period;

(Exhibit C, GuideOne Policy, Form GCG 71 03 02 08, pp. 1-2).

32. During the period beginning on the retroactive date (January 1, 2010) of the GuideOne Policy's directors and officers liability and educators legal liability coverage and the cancellation of the GuideOne Policy on April 1, 2017, there was no evidence or signs of physical or sexual abuse of B.H. that gave rise to a duty to report of Claiborne Christian School or its employees or otherwise gave rise to duty of Claiborne Christian School or its employees to take any action and, therefore, there was no "educational services incident" or "wrongful act" pursuant to the directors and officers and educators legal liability coverage provided by the GuideOne Policy.

33. Accordingly, GuideOne seeks a declaration that it has no duty to defend and no duty to indemnify Claiborne Church of God, Inc. d/b/a Claiborne Christian School with regard to the Underlying Lawsuit.

## COUNT II
## DECLARATORY JUDGMENT – COVERAGE PURSUANT TO THE COMMERCIAL GENERAL LIABILITY COVERAGE OF THE GUIDEONE POLICY IS EXCLUDED

34. GuideOne hereby incorporates and re-alleges paragraphs 1-33 as if fully set forth herein.

35. The commercial general liability coverage of the GuideOne Policy includes multiple policy exclusions, which are applicable to preclude coverage under the GuideOne Policy with regard to the Underlying Lawsuit.

36. In relevant part, the commercial general liability coverage of the GuideOne Policy provides as follows:

### SECTION I – COVERAGES

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

\* \* \*

2. **Exclusions**

   This insurance does not apply to:

   a. **Expected Or Intended Injury**

      "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

\* \* \*

**ADDITIONAL EXCLUSIONS – COVERAGES A, B AND C**

This insurance does not apply to:

\* \* \*

5. **Violation Of Any Statute Or Regulation**

   Any liability arising out of the willful or intentional violation of any statute or regulation including but not limited to the fines and penalties assessed by a court or regulatory authority.

6. **Misconduct, Molestation Or Harassment**

   Any "bodily injury", "personal and advertising injury", mental or emotional pain or anguish, or any defamation or slander, sustained by any person arising out of or resulting from any actual or alleged act of "sexual misconduct or sexual molestation" or "sexual harassment" of any kind. We have no right or duty to investigate, settle, defend or pay any claim or "suit" asserting any act of "sexual misconduct or sexual molestation", "sexual harassment" or any breach of duty contributing to or arising from such act.

(Exhibit C, GuideOne Policy, Form PCG 25 10 04 09, p. 10).

37.     Because one or more of the exclusions included in the commercial general liability coverage of the GuideOne Policy apply to preclude coverage, GuideOne has no duty to defend and no duty to indemnify Claiborne Church of God, Inc. d/b/a Claiborne Christian School pursuant to the commercial general liability coverage with regard to the Underlying Lawsuit.

38. Accordingly, GuideOne seeks a declaration that it has no duty to defend and no duty to indemnify Claiborne Church of God, Inc. d/b/a Claiborne Christian School with regard to the Underlying Lawsuit pursuant to the commercial general liability coverage of the GuideOne Policy.

## COUNT III
## DECLARATORY JUDGMENT – COVERAGE PURSUANT TO THE SEXUAL MISCONDUCT LIABILITY COVERAGE OF THE GUIDEONE POLICY IS EXCLUDED

39. GuideOne hereby incorporates and re-alleges paragraphs 1-38 as if fully set forth herein.

40. The sexual misconduct liability coverage of the GuideOne Policy includes one or more policy exclusions, which are applicable to preclude coverage under the GuideOne Policy with regard to the Underlying Lawsuit.

41. In relevant part, sexual misconduct liability coverage of the GuideOne Policy provides as follows:

> **COVERAGE SL SEXUAL MISCONDUCT LIABILITY**
> \* \* \*
> **2. EXCLUSIONS**
>
> **a. Participation In Sexual Misconduct Or Sexual Molestation**
>
> Any person who actually or personally participated in, directed, or knowingly allowed any act of "sexual misconduct or sexual molestation". We shall have no duty to investigate, defend or settle any claim or "suit" brought against any such person as described in this paragraph.
>
> **b. Criminal Or Penal Regulation Or Statute**
>
> The cost of defense of, or the cost of paying any fines for, any person resulting from any actual or alleged violation of any criminal or penal regulation or statute
> \* \* \*

    **g. Exemplary Or Punitive Damages**

    Any exemplary or punitive damages, multiplied damages, fines or penalties.

    **i. Acts Occurring Between Family Members**

    Any claim arising out of "sexual misconduct or sexual molestation" occurring between "family members".

(Exhibit C, GuideOne Policy, Form GCG 74 10 07 09, p. 2).

42. Because one or more of the exclusions included in the sexual misconduct liability coverage of the GuideOne Policy apply to preclude coverage GuideOne seeks a declaration that it has no duty to defend and no duty to indemnify Claiborne Church of God, Inc. d/b/a Claiborne Christian School pursuant to the sexual misconduct liability coverage with regard to the Underlying Lawsuit.  Including because the claims in the Underlying Lawsuit against Claiborne Church of God, Inc. d/b/a Claiborne Christian School arise out of alleged sexual abuse perpetrated upon B.H., in whole or in part, by a "family member", the above-quoted exclusion applies to entirely preclude sexual misconduct liability coverage under the GuideOne Policy.

43. Accordingly, GuideOne seeks a declaration that it has no duty to defend and no duty to indemnify Claiborne Church of God, Inc. d/b/a Claiborne Christian School with regard to the Underlying Lawsuit pursuant to the sexual misconduct liability coverage of the GuideOne Policy.

**COUNT IV**
**DECLARATORY JUDGMENT – THERE IS NO COVERAGE PURSUANT TO THE DIRECTORS AND OFFICERS LIABILITY AND EDUCATORS LEGAL LIABILITY COVERAGE OF THE GUIDEONE POLICY BECAUSE THE UNDERLYING LAWSUIT DOES NOT SEEK RECOVERY FOR A "LOSS"**

44. GuideOne hereby incorporates and re-alleges paragraphs 1-43 as if fully set forth herein.

45. The directors and officers liability and educators legal liability coverage of the GuideOne Policy only provides coverage for claims seeking damages because of a "loss." The term "loss" is a specifically defined term in the directors and officers liability and educators legal liability coverage form of the GuideOne Policy and provides as follows:

> **SECTION V -- DEFINITIONS -- COVERAGE H**
>
> 10. "Loss" means any sustained injury or harm, but does not include "bodily injury", "property damage", "personal and advertising injury", "sexual misconduct" or "sexual molestation"; or "sexual harassment".

(Exhibit C, GuideOne Policy, Form GCG 71 03 02 08, 10).

46. Because the Underlying Lawsuit seeks recovery for "bodily injury", "sexual misconduct", and "sexual molestation", which are explicitly excluded from the definition of a "loss" pursuant to directors and officers liability and educators legal liability coverage of the GuideOne Policy, the Underlying Lawsuit does not trigger the directors and officers liability and educators legal liability coverage.

47. Accordingly, GuideOne seeks a declaration that it has no duty to defend and no duty to indemnify Claiborne Church of God, Inc. d/b/a Claiborne Christian School with regard to the Underlying Lawsuit pursuant to the directors and officers liability and educators legal liability coverage of the GuideOne Policy.

**COUNT IV**
**DECLARATORY JUDGMENT – COVERAGE PURSUANT TO THE DIRECTORS AND OFFICERS LIABILITY AND EDUCATORS LEGAL LIABILITY COVERAGE OF THE GUIDEONE POLICY IS EXCLUDED**

48. GuideOne hereby incorporates and re-alleges paragraphs 1-47 as if fully set forth herein.

49. The directors and officers liability and educators legal liability coverage of the

GuideOne Policy includes one or more policy exclusions, which are applicable to preclude coverage under the GuideOne Policy with regard to the Underlying Lawsuit.

50. In relevant part, the directors and officers liability and educators legal liability coverage of the GuideOne Policy provides as follows:

**COVERAGE SL SEXUAL MISCONDUCT LIABILITY**

\* \* \*

**2. EXCLUSIONS**

a. The insurance granted by this Coverage shall not apply to:

\* \* \*

**(6) Dishonest, Fraudulent, Criminal, or Malicious Act**

Any admitted or adjudicated: fraudulent, dishonest, criminal, or malicious act.

\* \* \*

**(11) Criminal Or Penal Regulation Or Statute**

To the cost of defense of, or the cost of paying any fines for any person resulting from actual or alleged violations of any criminal or penal regulation or statute.

51. Because one or more of the exclusions included in the directors and officers liability and educators legal liability coverage of the GuideOne Policy apply to preclude coverage, GuideOne has no duty to defend and no duty to indemnify Claiborne Church of God, Inc. d/b/a Claiborne Christian School pursuant to the commercial general liability coverage with regard to the Underlying Lawsuit.

52. Accordingly, GuideOne seeks a declaration that it has no duty to defend and no duty to indemnify Claiborne Church of God, Inc. d/b/a Claiborne Christian School with regard to the Underlying Lawsuit pursuant to the directors and officers liability and educators legal liability coverage of the GuideOne Policy.

**PRAYER FOR RELIEF**

WHEREFORE, GuideOne prays for a judgment finding and declaring as follows:

(a) That no event, act, incident, or occurrence that is the basis for the Underlying Lawsuit pertaining to Claiborne Church of God, Inc. d/b/a Claiborne Christian School happened during the policy period of the GuideOne Policy and, therefore, GuideOne owes no duty to defend or to indemnify Claiborne Church of God, Inc. d/b/a Claiborne Christian School with regard to the Underlying Lawsuit.

(b) Coverage exclusions included in the commercial general liability coverage of the GuideOne Policy apply to bar coverage and, therefore, pursuant to the commercial general liability coverage GuideOne owes no duty to defend or to indemnify Claiborne Church of God, Inc. d/b/a Claiborne Christian School with regard to the Underlying Lawsuit.

(c) Coverage exclusions included in the sexual misconduct liability coverage of the GuideOne Policy apply to bar coverage and, therefore, pursuant to the sexual misconduct liability coverage GuideOne owes no duty to defend or to indemnify Claiborne Church of God, Inc. d/b/a Claiborne Christian School with regard to the Underlying Lawsuit.

(d) The directors and officers liability and educators legal liability coverage of the GuideOne Policy does not apply to provide coverage because the Underlying Lawsuit does not seek recovery for a "loss" as that term is defined by the GuideOne Policy and, therefore, pursuant to the directors and officers liability and educators legal liability coverage GuideOne owes no duty to defend or to indemnify Claiborne Church of God, Inc. d/b/a Claiborne Christian School with regard to the Underlying Lawsuit.

(e) Coverage exclusions included in the directors and officers liability and educators legal liability coverage of the GuideOne Policy apply to bar coverage and, therefore,

pursuant to the directors and officers liability and educators legal liability coverage GuideOne owes no duty to defend or to indemnify Claiborne Church of God, Inc. d/b/a Claiborne Christian School with regard to the Underlying Lawsuit.

Respectfully Submitted,

*/s/ Gregory Engelsman*
Gregory Engelsman (#21581)
GuideOne Insurance
301 N. Main St
Suite 2200
Baton Rouge, Louisiana 70825 (physical address)
P.O. Box 14503
Des Moines, IA 50306 (mailing address)
Phone: 225.224.6865
Fax: 515.267.5431
ATTORNEY FOR PLAINTIFF GUIDEONE INSURANCE COMPANY